***UNITED STATES DISTRICT COURT***
***DISTRICT OF MAINE***

| | | |
|---|---|---|
| ***NANCY DISHMAN,*** | ***)*** | |
| | ***)*** | |
| ***Plaintiff*** | ***)*** | |
| | ***)*** | |
| ***v.*** | ***)*** | ***No. 2:16-cv-00082-JAW*** |
| | ***)*** | |
| ***CAROLYN W. COLVIN,*** | ***)*** | |
| ***Acting Commissioner of Social Security,*** | ***)*** | |
| | ***)*** | |
| ***Defendant*** | ***)*** | |

***REPORT AND RECOMMENDED DECISION***[1]

This Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge properly evaluated the opinion of a treating physician and whether the Appeals Council properly decided not to consider evidence submitted by the plaintiff after her hearing before the administrative law judge. I recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from anxiety and affective disorders, fibromyalgia, obesity, right shoulder degenerative joint disease, and

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 14, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

personality disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 16; that she had the residual functional capacity ("RFC") to perform light work, except that she would require a sit/stand-at-will option, could frequently climb ramps and stairs, balance and kneel, but only occasionally climb ladders, ropes, and scaffolds, or stoop, crouch or crawl, was limited to occasional overhead reaching with her right upper extremity, could understand, remember and carry out simple instructions, could make simple work-related decisions, could response appropriately to co-workers and supervisors but only occasionally to situations involving the public, and could adapt to changes in an ordinary work setting, Finding 4, *id*. at 18; that she had no past relevant work, Finding 5, *id.* at 22; that, considering her age (44 years old on the date her application was filed, January 19, 2012), education (at least high school), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 22-23; and that she, therefore, had not been disabled from January 19, 2012, through the date of the decision, May 29, 2014, Finding 10, *id*. at 24. The Appeals Council reviewed the decision, *id*. at 1-3, revised the plaintiff's RFC to the sedentary level, and otherwise upheld the administrative law judge's decision, *id*. at 4-6, making its decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff's "itemized statement" is presented as a continuous narrative, with no itemized specification of the issues that she wishes to present to the court. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 13) at 5-9. Accordingly, and without objection from plaintiff's counsel at oral argument, I address the issues as identified by the defendant in her response. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17).

### A. Dr. Kahl's Opinion

The plaintiff contends that the administrative law judge "fail[ed] to evaluate the opinion of the psychologist, Dr. Kahl." Itemized Statement at 5. She asserts that the limitation stated by Dr. Kahl, a consulting examiner, "in addition to the reasons given in the Meuse affidavit," which was submitted after the hearing, would preclude the document preparer job, *id.*, one of two jobs that the administrative law judge found to be available to the plaintiff, given his RFC. Record at 23.

The fact that the plaintiff does not challenge the administrative law judge's finding that the job of table worker would be available to her, *id.*, means that the court need go no further with this

argument. This court has previously held that the existence of a single suitable job in sufficient numbers in the national economy that fits the plaintiff's RFC is sufficient to withstand appeal. *See, e.g., Robinson v. Astrue,* Civil No. 09-629-B-W, 2010 WL 4365755, at *4 (D. Me. Oct. 27, 2010).

In addition, the administrative law judge did not fail to evaluate Dr. Kahl's opinion. He recited Dr. Kahl's findings. Record at 21. He reports the mention of Dr. Kahl's report by Dr. Hymoff, the medical expert who testified at the hearing, including his testimony that "no records gave him any idea of the level of functioning." *Id*. at 22. When the administrative law judge expressly "adopt[ed] the testimony of Dr. Hymoff," *id*., he necessarily also adopted Dr. Hymoff's statement that Dr. Kahl's report did not give the reader "any idea of the level of functioning." *Id*. The administrative law judge did not "ignore" Dr. Kahl's report. Itemized Statement at 5.

The plaintiff makes much, *id.*, of Dr. Kahl's statement that her "ability to understand, remember, and carry out one or two-step job instructions should be inspected [sic] to be reasonably satisfactory from a psychological and cognitive perspective[,]" Record at 699, and the fact that the administrative law judge does not mention it specifically. However, in this district, an administrative law judge is not required to discuss every item of evidence in the record. *Peak v. Colvin*, No. 2:15-cv-67-JHR, 2015 WL 7681256, at *4 (D. Me. Nov. 24, 2015). That rule should be particularly apt where, as here, the omitted statement would not affect the outcome of the claim.

The plaintiff is not entitled to remand on the basis of this issue.

**B. Appeals Council**

The plaintiff next contends that the Appeals Council committed reversible error by "refusing to consider the vocational evidence from Mr. Meuse." Itemized Statement at 5. The plaintiff had appealed the administrative law judge's decision denying her application to the Appeals Council. Record at 4. The plaintiff reports that the administrative law judge at hearing

refused to allow her attorney to ask certain questions but stated that the attorney could make an offer of proof on the issues that were the subject of the questions. Itemized Statement at 3. The plaintiff's attorney states that his offer of proof, consisting of his own affidavit and an affidavit from David Meuse,[2] whom he characterizes as a vocational expert, had not yet been submitted when the administrative law judge issued his opinion. *Id*. Both were submitted to the Appeals Council. Record at 4.[3] The Appeals Council upheld the administrative law judge's decision, except that it reduced the plaintiff's RFC to the sedentary level, which was consistent with the administrative law judge's question to the vocational expert at the hearing. *Id*. at 5.

The Appeals Council did not refuse to consider the Meuse affidavit. Rather, it gave the affidavit "no weight" after considering it. *Id*. As the defendant points out, Opposition at 11, the Appeals Council will generally base its decision on the same evidence that was before the administrative law judge. 20 C.F.R. § 405.430. Additional evidence submitted by the claimant will be considered "only where it relates to the period on or before the date of the hearing decision," and the claimant shows "that there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision," and there was good cause for not submitting the evidence earlier. 20 C.F.R. § 405.401(c). The Appeals Council applied this standard, finding after reviewing the two affidavits and the hearing transcript that "this information does not show a reasonable probability that, either alone or when considered with the other evidence of record, would change the outcome of the decision." Record at 4.

[2] The plaintiff says that, because "the agency has not included the affidavits or the offer of proof letter in the record before this Court[,]" the documents "are the subject of a separate motion to correct the record." Itemized Statement at 3. That motion, ECF No. 20, is unopposed, ECF No. 21, and is accordingly granted.

[3] The plaintiff's assertion that the Appeals Council "did not mention or consider counsel's affidavit[,]" Itemized Statement at 3, is incorrect. Record at 4.

Specifically, the Appeals Council found that the administrative law judge did not err when he refused to allow the plaintiff's attorney to question the vocational expert at hearing about the effect of certain diagnostic criteria listed in the Diagnostic and Statistical Manual of the American Psychiatric Association ("DSM-IV") on the availability of jobs for the plaintiff and gave no weight to Meuse's opinions because his "interpretations of medical reports, from Drs. Gates and Agee, were outside his area of expertise[.]" *Id*. at 5.

At the hearing, on May 12, 2014, the plaintiff's attorney attempted to pose a hypothetical question to the vocational expert involving "traits," and the administrative law judge refused to allow the question because "[t]raits are not [] material to the issue of disability." *Id*. at 102. The attorney attempted to modify the questions to refer to "personality characteristics," but the administrative law judge, after asking the attorney for legal authority supporting his position that personality characteristics are relevant in a job setting, limited the attorney to an offer of proof. *Id*. at 102-03.

After the attorney recited an offer of proof, he and the administrative law judge sparred briefly over the question of whether the attorney intended to ask about a marked or a moderate inability to interact appropriately with coworkers, supervisors, or the public. *Id*. at 103-04. The administrative law judge refused to allow the attorney to ask the question and offered to allow the attorney to submit a post-hearing memorandum "identifying the legal authority for that question." *Id*. at 104. The administrative law judge directed the attorney to submit an offer of proof on his next two questions. *Id*. at 106-07. Finally, the administrative law judge did not allow the attorney to pose a question based on percentiles, calling it "inappropriate," and the attorney stated that he would submit a memo including that issue. *Id*. at 107-08. No deadline was set for the submission.

The plaintiff's attorney submitted a cover letter dated May 30, 2014, along with his affidavit and that of David Meuse, a certified rehabilitation counselor, as his post-hearing offer of proof and memorandum. Record at 407-08 & Exhs. A & B to Opposition. The attorney's affidavit reports that, after the hearing, he posed to the vocational expert the questions that the administrative law judge had not allowed him to ask, and received an answer to each question to the effect that the plaintiff would not be able to work at the jobs that the vocational expert had identified at the hearing if she had the characteristics described in the questions. The Meuse affidavit opined that an individual with the test scores reported by Drs. Gates and Agee, which are in the record, would not be able to perform the identified jobs.

Contrary to the characterization of Meuse's testimony by the Appeals Council, his affidavit does not present "interpretations of medical reports" that were "outside his area of expertise." Record at 5. Rather, the interpretations were included in the psychologists' reports, and Meuse applied those interpretations to his knowledge of the jobs at issue, which is what a vocational expert does. His opinion is bolstered by the attorney's report of the vocational expert's post-hearing statements, which the Appeals Council opinion does not mention.

The defendant attacks the use of DSM-IV descriptors in the questions that the plaintiff's attorney wished to pose, Opposition at 12-13, but the source of those descriptive characteristics is beside the point. The proposed questions do not, in fact, merely present "evidence of a diagnosis." *Id*. at 13. The defendant asserts that *Jenkins v. Colvin*, Civil No. 1:14-cv-285-DBH, 2015 WL 5093290 (D. Me. Aug. 28, 2015), upon which the plaintiff relies, "is readily distinguishable." *Id*. at 14. I disagree.

The defendant supports her characterization of the *Jenkins* opinion by emphasizing the differences between the plaintiff here and the plaintiff in that case, but a case need not be on factual

all fours in order to provide persuasive authority. In *Jenkins* the issue was a question posed to a vocational expert that included a finding that the plaintiff was in the bottom ten percent of the population for full-scale IQ. *Id*. at *2. The administrative law judge rejected the vocational expert's answer to the question—that all work would be eliminated—as being beyond the vocational expert's expertise. *Id*. This court rejected that characterization, pointing out that the testimony was "clearly within the scope of a vocational expert's expertise: the vocational expert gave an opinion about whether there were available jobs in the national economy for a person with specified characteristics, not whether the claimant actually exhibited any particular characteristic." *Id.* From all that appears, the same is true here.

I am also troubled by the administrative law judge's failure to wait for the post-hearing submission that both he and the plaintiff's attorney anticipated. The defendant's opposition does not address this situation. The opinion was issued 17 days after the hearing, a day before the plaintiff's attorney submitted his letter and affidavits. This action by the administrative law judge rendered his duty to allow a claimant the opportunity to submit post-hearing argument in writing an empty exercise. However, the inherent lack of fairness in these circumstances is mitigated by the fact that the Appeals Council did consider the materials.

The defendant's contention that Dr. Gates's opinions support the administrative law judge's RFC findings with respect to ability to follow work rules, relate adequately to others, and function independently on simple tasks, Opposition at 5, is accurate. However, the defendant does not make the same argument with respect to the opinions of Dr. Agee, which Meuse also reviewed and which the administrative law judge described but did not apparently rely upon. Record at 21. Meuse specified the findings of both psychologists upon which he relied, and, as there is reason to

believe that the testifying vocational expert would agree with Meuse, this argument by the defendant cannot carry the day.

Here, the plaintiff has demonstrated that there was good cause for his post-hearing submission of the affidavits, that it relates to the relevant period of time, and that there is a reasonable probability that the proffered information would change the outcome of the decision. The plaintiff is entitled to remand on the basis of the treatment of his counsel's proposed questions by the administrative law judge and the Appeals Council.

### C. Underlying Vocational Data

The plaintiff repeats in this case an argument that has been made several times in this court, without success: that the vocational expert's use of the Occupational Employment Quarterly ("OEQ") as a source for estimating the numbers of particular jobs available nationally renders his testimony about those numbers invalid. Itemized Statement at 7-8; e.g., *Small v. Colvin*, No. 1:12-cv-236-GZS, 2013 WL 1912892 at *7-*8 (D. Me. Mar. 30, 2013); *Moreau v. Colvin*, No. 1:14-CV-191-JHR, 2015 WL 1723230, at *11 (D. Me. Apr. 14, 2015). The plaintiff here offers no persuasive reason to revisit the issue. Indeed, as the defendant points out, Opposition at 9-10, the vocational expert in this case testified that his estimates were also based on his own experience, and the plaintiff's attorney did not ask him whether his estimates were based solely on the OEQ, nor did he suggest that they were. The plaintiff is not entitled to remand on this basis.

## II. Conclusion

For the foregoing reasons, I grant the plaintiff's motion to correct the record, ECF No. 20, and recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 29th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge