UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NANCY DISHMAN,          )
                        )
    Plaintiff,           )
                        )
v.                      )    No. 2:16-cv-00082-JAW
                        )
CAROLYN W. COLVIN,      )
Acting Commissioner of Social Security, )
                        )
    Defendant           )

## ORDER ON MOTION TO AMEND COMPLAINT
## AND CLARIFICATION OF RECOMMENDED DECISION

On December 30, 2016, the day after I recommended that the court vacate a decision of the commissioner denying the plaintiff's January 19, 2012, application for Supplemental Security Income ("SSI") benefits and remand this case for further proceedings, *see* ECF No. 23, the plaintiff filed a motion to amend her complaint to limit judicial review and the entry of judgment to the period from January 19, 2012, the date of the SSI application at issue, through September 1, 2016, the effective date of a subsequent (November 11, 2016) grant of SSI benefits, *see* ECF Nos. 25, 28. I deny the motion.

The plaintiff explains that she seeks to amend her complaint to forestall any possibility that, on remand, the commissioner would reexamine the grant of SSI benefits effective September 1, 2016. *See* ECF No. 28. The commissioner objects to the motion on the bases that the proposed amendment is unnecessary and not within the court's jurisdiction, in that the period after May 29, 2014 – the date of the adverse decision at issue – is not the subject of a final decision by the commissioner and is not properly before the court. *See* ECF No. 26.

The commissioner is correct that the only decision at issue in this appeal is the administrative law judge's adverse decision dated May 29, 2014, as modified by the Appeals Council on January 19, 2016. *See* Record at 4-6; 42 U.S.C. § 1383(c)(3) ("final determination" of commissioner "shall be subject to judicial review"); *Melendez v. Colvin*, Civ. No. 15-4719 (KM), 2016 WL 4764819, at *1 (D.N.J. Sept. 12, 2016) ("The ALJ's [administrative law judge's] decision, as modified by the Appeals Council, constitutes the final decision of the Commissioner."). Because the court has no jurisdiction to pronounce judgment affecting a later application for benefits, the plaintiff's motion to amend her complaint is **DENIED**.

By the same token, as I understand the commissioner to acknowledge, *see* ECF No. 26, she has no authority on the basis of the instant recommended remand to reexamine her later decision to grant the plaintiff SSI benefits effective September 1, 2016. However, in an abundance of caution, and in keeping with this court's precedent when claimants have raised similar concerns, I **CLARIFY** my recommended decision, ECF No. 23, to provide that proceedings on remand shall be limited to the adverse decision dated May 29, 2014, as modified by the Appeals Council on January 19, 2016. *See Bowring v. Social Sec. Admin. Comm'r*, No. 1:09-cv-00573-JAW, 2011 WL 5190789, at *3 (D. M[e]. Oct. 28, 2011) (rec. dec., *aff'd* Nov. 21, 2011) (clarifying court's order and judgment "to state that the Commissioner's administrative decision is reversed, in part, and that the matter is remanded for further proceedings on the 2004 application"); *Steele v. Astrue*, No. 2:09-cv-548-DBH, 2011 WL 4635136, at *2 (D. Me. Oct. 5, 2011) (rec. dec., *aff'd* Oct. 25, 2011) (clarifying court's order to limit proceedings on remand to narrow issue presented on appeal).[1]

---

[1] The claimants in both *Bowring* and *Steele* filed motions to clarify a final order/judgment of the court issued after the adoption of a recommended decision. *See Bowring*, 2011 WL 5190789, at *1; *Steele*, 2011 WL 4635136, at *1. In this case, although the commissioner filed no objection to my recommended decision by her deadline of January 12,

## NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 19th day of January, 2017.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

2017, *see generally* ECF Docket, the Clerk's Office has refrained from sending my recommended decision to Judge Woodcock for final action pending resolution of the instant motion.